

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2010

# Verlin Alexander v. Orlando Fletcher

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Verlin Alexander v. Orlando Fletcher" (2010). *2010 Decisions*. Paper 1793.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1793

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-113**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4288

VERLIN ALEXANDER,
                                             Appellant

v.

U.S. MARSHAL ORLANDO FLETCHER;
U.S. MARSHAL JOHN DOE 2;
U.S. MARSHAL JOHN DOE 3;
ATF AGENT JOHN DOE 1;
ATF AGENT JOHN DOE 2;
ATF AGENT JOHN DOE 3;
FBI AGENT JOHN DOE 1;
FBI AGENT JOHN DOE 2;
FBI AGENT JOHN DOE 3;
JOHN DOE 1, Delaware State Police Officer;
JOHN DOE 2, Delaware State Police Officer;
JOHN DOE 3, Delaware State Police Officer;
JOHN DOE 1, Delaware Probation and Parole Officer;
JOHN DOE 2, Delaware Probation and Parole Officer;
JOHN DOE 3, Delaware Probation and Parole Officer;
DELAWARE DEA AGENT JOHN DOE 1;
DELAWARE DEA AGENT JOHN DOE 2;
DELAWARE DEA AGENT JOHN DOE 3

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 09-cv-00436)
District Judge:  Honorable Joseph J. Farnan, Jr.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 4, 2010

(Opinion filed: March 4, 2010)

_____

OPINION

_____

PER CURIAM

Verlin Alexander appeals from the District Court's order dismissing his civil rights action. We will summarily affirm.

I.

On June 11, 2009, Alexander filed a <u>pro</u> <u>se</u> civil rights action in the United States District Court for the District of Delaware against United States Marshal Orlando Fletcher and seventeen John Doe defendants, pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his due process and equal protection rights in connection with his allegedly unlawful arrest, search and seizure, and extradition on October 27, 2006. On September 30, 2009, pursuant to its screening authority under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the District Court dismissed the complaint as barred by the applicable limitation period for § 1983 claims. Alexander timely appealed.

II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review over a District Court's <u>sua</u> <u>sponte</u> dismissal of a complaint for failure to state a claim is plenary.

2

Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In determining whether a district court properly dismissed a complaint under Rule 12(b)(6), we are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56 (2007). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 24.7; I.O.P. 10.6.

### III.

The District Court correctly dismissed Alexander's claim under § 1915(e)(2)(B), as his claim lacked an arguable basis in law. Alexander's § 1983 claims are governed by the personal injury statute of limitations in Pennsylvania, the state in which his cause of action accrued.[1] See Lake v Arnold, 232 F.3d 360, 368 (3d Cir. 2000). The statute of limitations for claims arising under § 1983 in Pennsylvania is two years. Id. Any claims filed outside this period are untimely.

A section 1983 cause of action accrues, and the applicable limitations period

---

[1] Alexander alleges that agents of the state of Delaware unlawfully arrested him in Pennsylvania. The District Court applied the Delaware statute of limitations to these claims; however, the result is the same as under Pennsylvania's statute of limitations, which is also two years for claims arising under § 1983. Compare 10 Del. Code Ann. § 8119, and 42 Pa. C.S.A. § 5524(7).

3

begins to run, when the plaintiff "knew or should have known of the injury upon which its action is based." Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1989). Alexander's claims stem from his allegedly unlawful arrest, which took place on October 27, 2006. (Compl. 6.) On that date, Alexander knew or should have known of the constitutional violations upon which his claims are based.[2] Alexander did not file his complaint until June 5, 2009, approximately seven months after the expiration of the two-year limitations period.[3] We agree with the District Court's conclusion that Alexander's complaint was barred on its face by the applicable statute of limitations.[4] Accordingly, we will summarily affirm.

---

[2] To the extent, if any, that Alexander's claim can be characterized as one of false imprisonment, this claim is also time barred. The statute of limitations begins to run against an action for false imprisonment when the individual is released, or becomes held pursuant to legal process. See Wallace v. Kato, 549 U.S. 384, 389 (2007). We take judicial notice of the fact that Alexander was committed to the Department of Corrections in default of bail on October 27, 2006, and was arraigned on November 6, 2006. (See State of Delaware v. Verlin J. Alexander, Superior Court Criminal Docket). Alexander's false imprisonment claim thus accrued no later than November 6, 2008. See Wallace, 549 U.S. at 391.

[3] The District Court found that the complaint was filed on the date it was signed, the earliest date possible that it could have been delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).

[4] Because Alexander was proceeding in forma pauperis, the District Court was entitled to reach the limitations question, which was obvious from the complaint and required no factual development. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006).

4